Philip E. Winter Lyon County Counselor Lyon County Courthouse Emporia, Kansas 66801
Dear Mr. Winter:
As counselor for Lyon county, you request our opinion regarding the legality of a petition. The petition, a copy of which is attached, seeks to place before the electorate a proposed ordinance regarding term limitations for commissioners of the city of Emporia.
It is provided in Attorney General Opinion No. 93-24 that a city of the first class utilizing a commission-manager form of government may use its home rule powers to enact an ordinance establishing term limitations for its commissioners. Rather than attempting to exempt the city from the whole or any part of an enactment, such an ordinance merely enacts an additional qualification which does not conflict with a state statute. Therefore, a petition seeking to bring before the electorate an ordinance establishing term limitations is not required to meet the provisions of section 5 of article 12 of the Kansas constitution.
K.S.A. 25-3601 prescribes that before any petition other than a recall petition is circulated, a copy of the petition is to be filed with the county attorney for an opinion as to the legality of the form of the question. But see Correspondence addressed to John Wine, June 8, 1994. Requirements for a valid petition are set forth in K.S.A. 25-3601 etseq.
 "When under the laws of this state a petition is required or authorized as a part of the procedure applicable to . . . any . . . city, . . . the provisions of this act shall apply, except as is otherwise specifically provided in the statute providing for such petition. . . .
 When any statute makes specific provisions concerning matters that K.S.A. 25-3601 et seq. and amendments thereto also has requirements which are different therefrom, the provisions of the specific statute shall control." K.S.A. 25-3601.
Therefore, in determining the legality of the form of the question on the petition submitted for review, we must acknowledge the provisions of K.S.A. 12-3013 as well as K.S.A. 25-3601 et seq.
The general requirements for a petition are set forth in K.S.A. 25-3602. Subsection (b) of the statute provides in part that "[e]ach petition shall, unless otherwise specifically required: (1) State the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620 and amendments thereto. . . ." K.S.A. 25-3602. K.S.A.25-620 requires that each proposition or question appearing on a ballot be preceded by the words, "Shall the following be adopted?" The remaining requirements set forth in K.S.A. 25-620 and 25-3602 pertain to items other than the form of the proposition or question to be submitted to the electorate.
In Attorney General Opinion No. 89-61, it is stated that a proposed ordinance submitted under the provisions of K.S.A. 12-3013 must include the ordaining clause set forth in K.S.A. 12-3005. While K.S.A. 12-3013
sets forth additional requirements that must be met in drafting a valid petition, no additional requirements regarding the form of the proposition or question are set forth in the statute.
The form of the question set forth in the petition submitted for an opinion by the county attorney meets the requirements set forth in K.S.A.12-3013 and 25-3602. While the county attorney is not required to provide an opinion regarding other provisions of a petition seeking to bring a proposition or question before the electorate, the county attorney may do so. See Attorney General Opinion No. 81-224. This opinion, however, is limited to the legality of the form of the question appearing on the petition presented.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm